IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LISA M. OSTERMAN, <br> MICHAEL G. OSTERMAN, and <br> DEBRA S. OSTERMAN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> DANIELLE N. SMITH, <br> <br> Defendants, <br> <br> and <br> <br> BLESSING HOSPITAL, <br> a non-for-profit corporation and <br> HORIZON BLUE CROSS <br> BLUE SHIELD OF NEW JERSEY, <br> <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 10-3220 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Respondent Blessing Hospital's Motion to Remand (d/e 14) (Motion). The Motion is fully briefed, and pursuant to Local Rule 72.1, the District Court has referred the matter for a Report and Recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion be DENIED.

Page 1 of 10

STATEMENT OF FACTS

Respondent Horizon Blue Cross Blue Shield of New Jersey (Blue Cross) stated in its Notice of Removal that its right to remove this matter arose from the claims asserted in the Plaintiffs' Petition to Determine Nature and Extent of Liens (Petition). Notice of Removal (d/e 1), attached Petition. In determining whether removal is appropriate, the Court looks to the facts alleged in the well-pleaded complaint. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). The Court, therefore, looks to the allegations in the Petition to resolve the Motion. According to the Petition, Plaintiff Lisa Osterman and Defendant Danielle Smith were involved in a traffic accident on August 14, 2007. The Plaintiffs settled with Smith by accepting payment of Smith's liability insurance policy limit of $50,000.00. Petition, ¶¶1-2.

Lisa Osterman, however, incurred medical expenses of $432,439.29, as a result of the injuries she suffered in the accident. Lisa Osterman was treated at Respondent Blessing Hospital in Quincy, Illinois. Blessing Hospital filed a hospital lien on the Plaintiffs' claims in this case in the sum of $240,173.61. The balance due to Blessing Hospital, however, has been reduced to $84,080.51. Petition, ¶¶ 2-3.

Lisa Osterman was covered by her father Plaintiff Michael G. Osterman's employer's health insurance plan (Plan). Her father was

employed by J. M. Huber Corporation (Huber).  The Plan was administered by Respondent Horizon Blue Cross Blue Shield of New Jersey (Blue Cross).  Respondent ACS Recovery Services (ACS), on behalf of Blue Cross, filed a lien on the Plaintiffs' claims in this case in the sum of $222,578.15.  Petition, ¶¶ 4-5.

Lisa Osterman's parents, Plaintiffs Michael Osterman and Debra Osterman, also filed a claim under the under-insured motorist coverage of their automobile insurance policy.  The claim was allowed and the Ostermans received proceeds from their under-insured motorist coverage (Under-Insured Motorist Proceeds).  Blue Cross asserts a right to the Under-Insured Motorist Proceeds to satisfy their lien claim.  Petition, ¶ 7.

The Petition asks the Court to declare that Blue Cross is not entitled to any of the Under-Insured Motorist Proceeds.  The Petition alleges that Blue Cross is not entitled to the Under-Insured Motorist Proceeds because: (1) the Illinois Health Care Lien Act, 770 ILCS 23/10, limits medical liens; (2) the Plan restricts the right of subrogation to the third party causing medical expenses; and (3) the right of medical lien holders to subrogation is restricted by Illinois case law.  Petition, ¶¶ 8-9.

The Plaintiffs mailed the Petition to Blue Cross and ACS on July 30, 2010.  Blue Cross and ACS filed the Notice of Removal on August 26, 2010.  No other Defendant or Respondent joined the removal.  The Notice

alleges that Plaintiffs Michael Osterman and Lisa Osterman were participants in the Plan, and the Plan is a qualified benefit plan under the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001 et seq. The Plan was administered, in part, by Blue Cross and ACS. Blue Cross and ACS allege that the Petition asserts a new claim separate and apart from the state law claims Plaintiff previously filed against Defendant Smith. Blue Cross and ACS allege the new claim is completely preempted by ERISA § 502(a), 29 U.S.C. § 1132. Blue Cross and ACS allege that this Court has original jurisdiction over the new claim under 29 U.S.C. § 1132, 28 U.S.C. § 1331, and federal common law. Petition, ¶ 13. Blessing Hospital now seeks remand.[1]

## ANALYSIS

Normally, the Court looks to the allegations in a complaint to determine whether federal claims are alleged. Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486 (7th Cir. 1996). The face of the Petition in this case does not show that the Court has removal jurisdiction. The Plaintiffs seek apportionment of insurance proceeds among lien claimants and a determination that Blue Cross has no subrogation rights with respect to the proceeds of the under-insured motorist coverage. Blue Cross and

---

[1]The Plaintiffs also support the request for remand. Response to Motion to Remand (d/e 16).

ACS, however, assert that this Court has removal jurisdiction because the Plaintiffs allege a new, separate federal claim in the Petition to determine their rights for benefits under an ERISA-qualified plan. Notice of Removal, at 2; 28 U.S.C. § 1441(c); 29 U.S.C. § 1132(f).

In enacting ERISA, Congress completely preempted the remedies for individuals seeking benefits under ERISA qualified plans. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The preemption is so complete that such plaintiffs cannot seek any alternative remedy under state law. The only available remedies are those under ERISA. Id. Thus, the Court must look beyond the face of the Petition to the substance of the claim to determine whether complete preemption applies. If a plaintiff's allegations of state law remedies are actually efforts to determine rights and benefits under an ERISA-qualified plan, then the claims are deemed to be claims under ERISA § 502(a) subject to removal to this Court. Jass, 88 F.3d at 1487; 29 U.S.C. § 1132(a). Blue Cross and ACS have the burden to prove that removal jurisdiction exists. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 97th Cir. 2005).

A claim is within the scope of complete preemption under ERISA § 502(a) if: (1) the plaintiff is eligible to bring a claim under § 502(a); (2) the claim falls within the scope of an ERISA provision that can be enforced under § 502(a); and (3) the plaintiff's claim cannot be resolved

without interpretation of the contract governed by federal law. Jass, 88 F.3d at 1487. Section 502(a) of ERISA authorizes plan participants or beneficiaries to bring actions to recover benefits under the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).[2]

All three elements required by the Jass decision are present here. Michael and Lisa Osterman are participants in the Plan, and so, are eligible to bring an action under § 502(a). They are claiming that Blue Cross and ACS have no subrogation rights with respect to the Under-Insured Motorist Proceeds. In so doing, they are asserting rights under the Plan because they are asserting that they are entitled to payment of medical benefits under the Plan without any obligation to reimburse the Plan from the Under-Insured Motorist Proceeds. See Arana v. Ochsner Health Plan, 338 F.3d 433, 437-38 (5th Cir. 2003), cert. denied, 540 U.S. 1104 (2004); Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 291-92 (4th Cir.), cert. denied, 540 U.S. 1073 (2003).

Finally, the Plaintiffs allege that Blue Cross and ACS are not entitled to subrogation, because, "the Health Care Program of J. M. Huber Corporation restricts their rights of subrogation to the third party causing

---

[2] Participants and beneficiaries can also bring actions for relief available under § 502(c). 29 U.S.C. § 1132(a)(1)(A). The relief under § 502(c) is not relevant to this case.

the medical expenses." Petition, ¶ 8. This allegation necessarily requires the Court to interpret the Plan to determine whether the Plan limits subrogation rights. The Plan is an ERISA qualified plan governed by federal law. The Court, therefore, must interpret a contract governed by federal law to resolve the Plaintiffs' challenge to the subrogation rights. The Plaintiffs' challenge to Blue Cross and ACS's subrogation rights is subject to complete preemption under ERISA § 502(a), and so, subject to removal. Jass, 88 F.3d at 1487.

Blessing Hospital relies on Seventh Circuit cases that hold that a petition to apportion insurance proceeds among lien claimants is not preempted by ERISA § 502(a), and so, not subject to removal under the complete preemption doctrine. Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, 360 F.3d 674, 680 (7th Cir. 2004); Speciale v. Seybold, 147 F.3d 612, 615 (7th Cir. 1998); Blackburn v. Sundstrand Corp., 115 F.3d 493, 495-96 (7th Cir. 1997). These cases, however, only involved requests to apportionment of liens among competing lien creditors. The ERISA-qualified plan was just one of the competing creditors. The plaintiffs in those cases did not challenge the subrogation rights of the ERISA-qualified plan. Hart, 360 F.3d at 680 ("[T]he plaintiff is not contesting the right to subrogate but simply seeks to apportion the settlement fund amongst his various creditors."); Speciale, 115 F.3d at 495-96 ("Wal-Mart's

subrogation right has not been questioned. What remains is simply a determination of the apportionment of funds under state law."); Blackburn, 115 F.3d at 494 (the only issue was the application of the Illinois common fund doctrine to creditor lien claims, including the ERISA-qualified plan's lien). Because these plaintiffs did not challenge the ERISA-qualified plan's subrogation rights, the plaintiffs did not put the terms of the plan at issue. Hart, 360 F.3d at 680. The motions to apportion in those cases only put at issue the rights of competing creditors, which were governed by state law. Blackburn, 115 F.3d at 495-96.

The Plaintiffs here challenge the subrogation rights of Blue Cross and ACS under the Plan. They allege that under the terms of the Plan, Blue Cross and ACS have no subrogation rights in the Under-Insured Motorist Proceeds. This challenge necessarily puts at issue the participants' rights to benefits under the Plan, their obligations under the Plan to reimburse the Plan, and the subrogation provisions of the Plan.
As a result, Michael and Lisa Osterman's claims are preempted. The Hart-Speciale-Blackburn line of cases do not apply.

Blessing Hospital also moves to remand because Blue Cross and ACS did not get the all defendants to consent to the removal. Ordinarily, all defendants must join the removal. 28 U.S.C. §§ 1441(a) & 1441(b); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998). When,

however, a separate or independent claim that raises a federal question is joined with other claims, then removal is possible with only the consent of the defendants that are subject to the separate and independent federal question claim. 28 U.S.C. § 1441(c); Thomas v. Shelton, 740 F.2d 478, 483 (7th Cir. 1984); P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 548 (7th Cir. 1968).[3] In this case, the only federal question is whether the subrogation lien rights of Blue Cross and ACS under the Plan extend to the Under-Insured Motorist Proceeds. Thus, Blue Cross and ACS are the only Defendants or Respondents that need to consent to the removal.[4]

WHEREFORE, this Court recommends that Respondent Blessing Hospital's Motion to Remand (d/e 14) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within

---

[3] The Thomas decision questioned whether § 1441(c) applied to federal question removal jurisdiction. Thomas, 740 F.2d at 483-84. Congress subsequently amended § 1441(c) to limit its application only to federal question removal jurisdiction. Pub. L. 101-650, Title III, § 312.

[4] Section 1441(c) of the removal statutes states, in part, that, "[T]he entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. 1441(c). Blessing Hospital does not seek a partial remand of the state law issues, and so, the Court does not address whether a partial remand would be appropriate in this case. The Court also does not address whether the case could be remanded after the federal issue is resolved. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); Payne for Hicks v. Churchich, 161 F.3d 1030, 1043 (7th Cir. 1998). That issue also has not been raised by the parties and may not be ripe at this time.

fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER: March 17, 2011

<u>   s/ Byron G. Cudmore   </u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE